IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**WAYNE THOMAS JOHNSON,**

        **Plaintiff,**

v.                                         **Civil Action No. 3:21-CV-11**
                                                    **(GROH)**

**UNITED STATES OF AMERICA**

        **Defendant.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On January 25, 2021, the plaintiff initiated this case by filing a *pro se* complaint pursuant to the Federal Tort Claims Act ("FTCA"). This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2, and 28 U.S.C. §§ 1915(e) and 1915(A).

### II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff's complaint alleges that while incarcerated at FCI Hazelton, he was hospitalized in March 2020, and upon his return to Hazelton, his personal property was missing from his cell. ECF No. 1 at 6. More specifically, he alleges that Counselor McDuffy was responsible for the loss of his cane, walker, a necklace, legal papers, and medicine, valued at $400.00. Id. at 6 – 7. However, Plaintiff does not indicate what actions were taken by Counselor McDuffy to make him responsible for the property loss.

1

Further, Plaintiff failed to indicate that he filed an SF-95 or any other administrative remedy in regard to the alleged loss of his property.  Id. at 4.  Moreover, Plaintiff has provided no indication that he filed any appeal of the denial of such an administrative remedy.  Id.

### III.    LEGAL STANDARD

#### A.    Pro Se Litigants

Because Petitioner is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, a complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[1] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because

---

[1] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

> of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. The Fourth Circuit has noted that:

> While pro se complaints may "represent the work of an untutored hand requiring special judicial solicitude," a district court is not required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." The "special judicial solicitude" with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.

<u>Weller v. Dep't of Soc. Servs. for City of Baltimore</u>, 901 F.2d 387, 391 (4th Cir. 1990), *citing* <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied,* 475 U.S. 1088 (1986). See also <u>Ashcraft v. Iqbal</u>, 556 U.S. 662, 667 – 669 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). "[T]he mandated liberal construction afforded to *pro se* pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the [plaintiff] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his

3

unfamiliarity with pleading requirements." Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "At the same time, a district court should not 'assume the role of advocate for the pro se litigant,' id., and may 'not rewrite a petition to include claims that were never presented.'" Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999) quoting Parker v. Champion, 148 F.3d 1219, 1222 (10th Cir.1998), cert. denied, 525 U.S. 1151 (1999). Courts are not "required to construct a party's legal arguments for him." Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Further, Courts may not "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. The Federal Tort Claims Act

The FTCA is a comprehensive legislative scheme by which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States. The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680. Pursuant to the FTCA, the United States is liable in the same manner and to the same extent as a private individual under like circumstances in accordance with the law of the place where the act or omission occurred. Id. More recently, the Supreme Court has more succinctly stated that, "The Federal Tort Claims Act (FTCA) allows plaintiffs to seek damages from the United States for certain torts committed by federal employees. 28 U.S.C. §§ 1346(b), 2674."

4

Simmons v. Himmelreich, 136 S.Ct. 1843, 1845, 195 L.Ed.2d 106 (2016). In Simmons, the Supreme Court noted that:

> The FTCA's provisions are contained in two areas of the United States Code. One, 28 U.S.C. § 1346(b), gives federal district courts exclusive jurisdiction over tort claims against the United States for the acts of its employees "[s]ubject to the provisions of chapter 171" of Title 28. Chapter 171, in turn, is labeled "Tort Claims Procedure" and comprises the remaining provisions of the FTCA. §§ 2671-2680.
>
> Chapter 171 contains an array of provisions. Some provisions govern how FTCA claims are to be adjudicated. See, e.g., § 2674 (specifying scope of the United States' liability); § 2675(a) (exhaustion requirement); § 2678 (restricting attorney's fees). Other provisions limit plaintiffs' remedies outside the FTCA. See, e.g., § 2679(a) (cannot sue agency for claims within scope of FTCA); § 2679(d)(1) (suit against federal employee acting within scope of employment automatically converted to FTCA action).

136 S.Ct. at 1846-47, 195 L.Ed.2d at 106.

## IV. ANALYSIS

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. Porter v. Nussle, 534 U.S. 516, 524 (2002) (citing Booth, 532 U.S. at 741). "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524.

5

Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the court has the authority under 28 U.S.C. § 1915 to dismiss the case sua sponte. Custis v. Davis, 851 F.3d 358, 361 (2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.")

Petitioner has not claimed any excuse for his failure to exhaust. As recognized in Carmona, supra, which was cited by the Fourth Circuit in its opinion in McClung v Shearin, 90 Fed.Appx. 444 (4th Cir. 2004):

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
>
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies. When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001) (internal citations omitted).

The United States enjoys sovereign immunity except to the extent that Congress has waived such immunity. The FTCA provides a limited waiver of sovereign immunity

6

for "money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 2675(a). Section 2674 of the Act further provides as follows:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

28 U.S.C. § 2674.

In order to maintain a case against the United States under the FTCA, the plaintiff must demonstrate that his action is permissible under the FTCA and satisfies the necessary elements of a tort claim under state law. It is a jurisdictional requirement that the plaintiff in such a case file and exhaust an administrative claim prior to filing suit. See 28 U.S.C. § 2675; see also Muth v. United States, 1 F.3d 246, 249 (4th Cir. 1993); Dupont v. United States, 980 F. Supp. 192, 195 (S.D. W. Va. 1997); Johnson v. United States, 906 F. Supp. 1100 (S.D. W. Va. 1995); McCoy v. U.S.P.S., 890 F. Supp. 529, 531-32 (S.D. W. Va. 1995); Hurt v. United States, 889 F. Supp. 248, 252 (S.D. W. Va. 1995).

The first step in the FTCA process is an administrative filing under 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or admission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered

> mail. The failure of an agency to make final disposition of the claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. 2675(a). Under 28 U.S.C. 2401, the claim must be filed within two years of the occurrence.

The BOP has adopted a Program Statement which explains, clearly and in detail, the procedure by which inmates may recover monetary damages for personal injuries sustained while in custody. Program Statement 1320.06 ("Federal Tort Claims Act"), Paragraph 7 ("Filing a Claim") describes the procedure for obtaining a Standard Form ("SF-95") and filing a claim. Among the items required on the SF-95 is a "sum certain" (i.e., a specific amount of money). This information is mandatory, as the United States Court of Appeals for the Fourth Circuit explained in Kokotis v. U.S. Postal Serv., 223 F.3d 275, 278 (4th Cir. 2000) (citations omitted):

> Sovereign immunity can be waived only by the sovereign; the circumstances of its waiver must be scrupulously observed and not expanded by the courts. *See United States v. Kubrick,* 444 U.S. 111, 117–18, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). Precisely because the FTCA constitutes a waiver of sovereign immunity, plaintiffs like Kokotis must file an FTCA action in careful compliance with its terms. *See College v. United States,* 411 F.Supp. 738 (D.Md.1976), *aff'd,* 572 F.2d 453 (4th Cir.1978). A key jurisdictional prerequisite to filing suit under the FTCA involves the presentation of an administrative claim to the government within two years of the incident. *See* 28 U.S.C. § 2401(b) (1994) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues ...."). Moreover, "the requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States,* 785 F.2d 121, 123 (4th Cir.1986).

8

> An administrative claim must be properly presented. The FTCA's implementing regulations consider a claim to be properly presented when the government receives a completed SF 95 (or other written notification of an incident), *and* "a claim for money damages *in a sum certain* ...." 28 C.F.R. § 14.2(a) (1999) (emphasis added); *see also* 39 C.F.R. § 912.5(a) (1999). Requesting a sum certain is a necessary element of any FTCA administrative claim. Failure to request a sum certain within the statute of limitations deprives a district court of jurisdiction over any subsequently filed FTCA suit.

In the instant case, Plaintiff has not demonstrated that he filed an SF-95, or any other administrative remedy, or that he exhausted any administrative remedy through the grievance process. The undersigned recognizes that the plaintiff is a pro se litigant, however, his failure to comply with the requirements or failure to identify any circumstances which precluded him from properly exhausting his administrative remedy for purposes of the FTCA is not a defense to dismissal. Accordingly, exhaustion has not occurred and this matter is premature. This failure to exhaust administrative remedies is apparent on the face of his pleadings.

In Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 - 95 (1998), the Supreme Court wrote that "without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." See also Reinbold v. Evers, 187 F.3d 348, 359 n. 10 (4th Cir. 1999). Because this court lacks jurisdiction, this court cannot entertain the complaint.

## V. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the

9

plaintiff's complaint under the FTCA be **DISMISSED WITHOUT PREJUDICE** because he failed to properly exhaust his administrative claim thereby depriving this Court of jurisdiction. It is further recommended that the plaintiff's Motion to Proceed *in forma pauperis* [ECF No. 2] be **DENIED AS MOOT.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to all counsel of record, as

applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: January 28, 2021

*/s/ Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE